Mr. Lovitky, for the applause. Mr. Glover, for the accolade. Thank you, Your Honors, and may it please the Court. Good morning. I would submit to the Court that it is uncontestable that if the President were to amend his financial disclosure statements, in his capacity as President of the United States, that that would be well within the scope of his authority. That's not the case we have before us, though, is it? I think it is, Your Honor. I thought we had a case where the candidate, you claimed the candidate... Oh, I did. But my point is, the reason the President was sued in his official capacity was because he had the authority to provide relief in his official capacity. Didn't he have the same authority in his individual capacity? No, Your Honor, I don't think it is. Well, he could amend the return as an individual. Well, he could certainly amend in his individual capacity if he wished, that's correct. But the point is that the authority rests in him by virtue of his official position as the President to make the amendment. Why is that different from a losing candidate's authority to correct his or her filings? Well, a losing candidate would not be able to provide relief in his or her official capacity. Ah, well, that's what we get to. Right. Your claim that it's somehow an official duty on the part of the President. I mean, the authority to correct the return seems irrelevant. The question is whether it's a duty on the part of the President to correct the return. I think the authority issue is very relevant because the point is he was sued in his official capacity because he had the authority to provide relief in his official capacity. I don't understand. I'm sorry. I don't. I'm having trouble understanding that. Why, if he amends his return, his disclosure form, are you saying that only as President could he order himself to correct the form? No, but I am saying that he can, in his official capacity, take that action. He can also do that in his individual capacity. He could. But the point is he could, if he wanted to, turn to the White House Counsel and tell the White House Counsel, prepare an amendment to my return, to my financial disclosures. And the White House Counsel could not come back to him and say, sorry, Mr. President, that's not government business. It's an interesting question, but I don't know that it helps you. Because it certainly doesn't create a duty in him as President to correct the filings made as candidate and under an obligation, on your theory, applying to every candidate. Well, all right, so first of all, Your Honor, let me say this. I believe there is an official duty, number one, because, A, there was a duty, number two, because it happened to be imposed upon the person who became President, and number three, and most important of all, it was a duty owed to the people of the United States of America, and it was a duty that was directly related to his performance of his duties as President of the United States. And, you know, there's no job description. What is the duty? What's the duty that a candidate has? The duty is to amend his financial disclosures. What's the duty a candidate has, the first duty that you're arguing for? A full and complete disclosure of liabilities. Aren't you asking for a segregation of liabilities, to make clear which are personal liabilities and which are business liabilities? Yes. Where is that mandated in the Act? Well, Your Honor, it's quite clear that the statute mandates, and I don't think the government's contesting that, that the statute mandates the President to disclose his liabilities. His liabilities. Does it mandate that he distinguish between personal and business liabilities? Well, my point is, Your Honor, if it's a ministerial act. Because the only time we get involved in mandamus, if it's, this is clear, it's a ministerial act, it's clear. Right. And I'm not quite, I guess I don't understand why you think this is so clear. Your Honor, it's because of the fact that it is a ministerial, it is a ministerial duty clearly to disclose. Well, that doesn't get you to whether the. I'm sorry, Your Honor. That doesn't get you anywhere. Judge Griffith is asking you why. To get mandamus, you have to show that it's clear and indisputable that you have a right to have the liabilities on his disclosure form identified the way you think it should be. That has to be clear and indisputable. That's right, Your Honor. So why is that? That's the question. Look at the statute and tell us what in the statute makes that clear and indisputable. Because, Your Honor, the point of the statute is so I know what his personal liabilities are. And I don't know what his personal liabilities are. I have no idea from looking at that disclosure form what are his personal liabilities. I don't know what they are. And it makes an enormous difference because it's the magnitude of the conflict of interest. We're talking about tens of mets. And the American and it just seems that, you know, the statute, if he were following the statute as it should have been followed, everybody who looks at their disclosure statement would be able to point to it and say, these are Donald Trump's liabilities. Well, let me ask you about another element of mandamus relief. In addition to being clear and indisputable, there has to be no adequate alternative remedy. Correct, Your Honor. Okay. And under the statute, you could have gone to the attorney general and asked him to file. First of all, Your Honor, number one, I don't think the attorney general is in a position to compel the president of the United States. But under the statute, he is. That's what the statute says. The attorney general, Your Honor, is a subordinate of the president. Look at the statute. Well, the statute says that 104A1, the attorney general may bring a civil action to require compliance. You're right, Your Honor. And I think the statute also says that that civil action, the remedy in that civil action is fines. It doesn't say anything about compelling disclosure. In fact, oddly enough, the statute gives the president himself the duty to compel full disclosure of any other official of the United States government. That's, I believe, in 105. Yes. I suppose your argument also would be the attorney general is not likely to sue the president, right? Well, it's highly remote, Your Honor. But in any event, I would also say that the duty to the public in this case, and it brings up one other thing, the issue of a waiver. Remember, the government speaks in their supplemental memorandum about the fact that agency ethics officials were signed off on his financial disclosures. Well, they don't have the authority to waive the statute. They have the authority in certain specified instances that are specified in the statute to waive it. But they don't have the authority to waive it in this particular case. And the other thing I would bring up, Your Honor, is that it's clear from the Nixon v. Fitzgerald and the Jones v. Clinton decision that the president of the United States cannot be sued in a matter that is directly related to the performance of his official duties. And I noticed that on a 20HA filing earlier this week, the president's own lawyers making that point. How does that help you? Well, it helps me, Your Honor, because if I can't sue him in an individual personal capacity, which I clearly can't, and I can't sue him, then what is the remedy other than a suit in his official capacity? It has to be one or the other. Assuming a remedy of the sort, you assume. Well, I think I made the point, Your Honor, that the mandamus statute historically has been viewed as giving an implied right of action, that there is no separate private right of action needed in mandamus cases. And I think that's basically in the historic nature of the writ of mandamus. If there are no further questions, I'd like to reserve the remaining time. Thank you. May it please the Court, I am Matthew Glover from the Department of Justice. On behalf of the president, Mr. Levitky seeks a writ of mandamus requiring the president to amend a financial disclosure he filed as a candidate in 2016 for purposes of specifically identifying any debts he owed. As I believe the questioning from Judge Griffiths showed, the statute does not require this specific labeling of liabilities, and thus the district court was correct to dismiss Mr. Levitky's case for lack of progress. Because the statute says, quote, a full and complete statement. A full and complete statement with respect to the identity and category of value of the total liabilities owed to any creditor. Yes, Your Honor. So why isn't that pretty clear, that if, as he alleges, some of these entries that are listed as his, or some of these that look like they're owed by other parties, how can that comply with this provision? Your Honor, I would have two points to that. First of all, the specific relief he wants at mandamus is, again, listing or labeling the liabilities as personal as compared to non-personal. The statute requires the president to list a number of liabilities, as you've outlined, including certain non-personal liabilities of a spouse or dependent child, but doesn't impose this additional duty to label which liabilities are personal and non-personal. And it doesn't foreclose a cautious filer from listing liabilities that may be of an entity that they're a party or an owner of. So for mandamus relief, you need a clear statutory duty, and we don't see one, and there isn't one in the statute here. As I said, I'm happy to address any other questions the Court has. Otherwise, we'd be happy to rest on our brace. Well, and in what capacity would he have the duty, if there were a duty? If there were a duty, again, this is a financial disclosure form filed in 2016 by then-candidate Trump. It's not appropriate to file an official capacity suit asking the president, in his official capacity, to revise a candidate's financial disclosure statement, just as you wouldn't be able to file an official capacity suit asking the president to revise then-candidate Clinton's financial disclosure statement from 2016. Suppose, just hypothetically, just suppose we don't agree with you about the relief not being clear and indisputable. Suppose we think it is, the obligation, excuse me. Is there another basis in your mind for arguing that we have no mandamus? And I ask you about this, because the first question we have to ask is jurisdiction, right? So do we have mandamus jurisdiction? Is there any other basis for holding that we lack mandamus jurisdiction? Yes, Your Honor. The president, as we stated in our brief, I think it's 10 to 16, the president is not subject to mandamus, as this court held in Newdow following the Supreme Court's ruling in Franklin. And as the court made clear in Swan v. Clinton... What about our decision, the earlier decision in National Treasury Employees v. Nixon, which clearly holds that the court does have jurisdiction, mandamus jurisdiction against the president? Only insofar as there's a ministerial duty. Newdow did not leave that avenue open after Franklin, but if the court... Well, but wait a minute. Newdow came after National Treasury Employees. My question is, that's the previous precedent. Newdow can't, could not disregard it. And I'm asking you why that case doesn't stand for the proposition that the court does have jurisdiction to issue a writ of mandamus directing the president to take an act. Now, it didn't do it in that case, but it said it only could grant a declaratory judgment because it had mandamus jurisdiction. So first, Your Honor, I would address this at, I think, the global level that you started this line of questioning and jurisdiction. If NTEU remains good law, it stands solely for the proposition that the court would have jurisdiction to issue a writ of mandamus to the president for a ministerial duty. And this court, under Swan, still needs to, when deciding redressability, decide whether it has authority to issue the relief requested. And so you need to decide, is this a ministerial duty? Because the statute doesn't plainly state, list your liabilities, state which ones are personal, which ones are non-personal. There's no ministerial duty here. But that comes right back to the question of whether it's clear and indisputable. In other words, if we think that it's not as clear as you think it is, then do we have, do you concede that... No, even if you think that it's not as clear as we suggest, you'd have equitable discretion not to grant mandamus relief. Moreover, on the merits of... And the court, in its discretion, chooses to exercise... Okay, but why would we choose not to exercise our... I think for a lot of the reasons outlined by Justice Scalia concurring in Franklin, the issues inherent in one branch of government directing another branch of government for how to exercise its duties. Well, the Attorney General can bring a lawsuit. Yes, Your Honor. And he has to bring that to the court. Yes. But the Attorney General's lawsuit for enforcing the statute would be related to a filer willfully not following the statutory provisions. That's different than this court issuing a mandamus relief to provide specific requirements to the President and how he fills out his liabilities on this form. Mr. Weber, I was a bit confused by your statement about whether we have mandamus jurisdiction over the President. Is it your view that in certain circumstances we do? No, it's our view that you don't have, that you cannot issue mandamus or declaratory relief against the President... Ever. ...in his official capacity. Ever. For ministerial duty? Yes, that's the position we've outlined in our briefing, and we believe Franklin and then Newdow displace NTE. Well, Newdow can't displace NTE. Well, I guess I... I mean, one panel can't displace an earlier panel's decision. I understood, Your Honor, but Newdow was analyzing what the court had said in Franklin and what the plurality and what the concurrence had said in Franklin. So you're saying it was interpreting a... Yes, my apologies. I saw an issue with the lack of clarity here. Yeah. If the court has no further questions, I'm happy to see my time. No. Thank you. Did counsel have a minute or two? Pardon me? Ten seconds. Oh, you can take one minute, Mr. Levitky. Thank you. Yeah. Your Honor, I would just make the point that the term full and complete disclosure of liabilities means so that the public knows what the president's liabilities are. And I recognize the statute does not specifically state disclosure of the filer's liabilities, but I would suggest to you, Your Honor, that is the only reasonable construction of the statute, because it could not have warranted disclosure of his brother-in-law's or sister's liabilities or anyone else that would be completely irrelevant to the purposes of the statute. Okay. Anything else? Okay, thank you. Thank you. Case is submitted.
judges: Tatel, Griffith, Williams